**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

# FILED

APR 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALFRED VILLA,

                Petitioner - Appellant,

   v.

MICHAEL KNOWLES,

                Respondent - Appellee.

No. 09-15202

D.C. No. 5:03-cv-04766-JW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted February 8, 2010
San Francisco, California

Before: GOODWIN, BERZON, and IKUTA, Circuit Judges.

Petitioner Alfred Villa ("Petitioner") appeals the denial of his Petition for

Writ of Habeas Corpus. We have jurisdiction under 28 U.S.C. § 2253. We reverse

and remand.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Petitioner pled guilty in California Superior Court to eighteen felony counts related to molesting a minor. The court applied Section 2933.1 of the California Penal Code to limit the credits Petitioner can earn towards his sentence for counts one through fifteen, which qualify as violent felonies under Section 667.5 of the California Penal Code. However, the felony complaint alleged that counts one through thirteen occurred before Section 2933.1's operative date of September 21, 1994, and alleged that counts fourteen and fifteen occurred "[o]n or about and between December 24, 1993 and December 23, 1999."

The district court concluded that applying Section 2933.1 to crimes committed before its operative date violates the Ex Post Facto Clause and is contrary to, or an unreasonable application of, clearly established federal law. However, the district court further concluded that Petitioner waived any Ex Post Facto Clause objections in exchange for a less-than-maximum sentence. Petitioner argues to this court that he did not waive such objections; Respondent does not challenge the district court's Ex Post Facto Clause violation conclusion, but argues that Petitioner waived the objection.

The record is clear that Petitioner pled guilty without a plea bargain. There is no basis for concluding that Petitioner's less-than-maximum sentence was bargained for in exchange for waiving his Ex Post Facto Clause rights. Thus,

2

Petitioner did not waive his right to challenge his sentence as a violation of the Ex Post Facto Clause.

Respondent also argues that Petitioner waived any Ex Post Facto Clause objections because he did not raise such objections at his sentencing hearing. However, Petitioner never expressly waived the Ex Post Facto Clause objections, nor can waiver be inferred from the statements at sentencing. Additionally, the state court addressed and rejected the argument that Petitioner waived his Ex Post Facto Clause challenges because he did not object at sentencing. Thus, Plaintiff did not waive his rights.

Because the district court concluded that Petitioner waived any Ex Post Facto Clause challenge, the district court did not reach whether Petitioner's rights were violated with respect to counts fourteen and fifteen. The California Court of Appeal concluded that the evidence shows that count fourteen occurred after Section 2933.1's effective date. Petitioner concedes to this Court that Section 2933.1 may be applied to counts fourteen and fifteen. This issue will be before the district court on remand.

REVERSED AND REMANDED.